IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH DAVID VINCZE,

       Plaintiff,               No. CIV S-02-1719 LKK KJM P

   vs.

LEON ROBINSON,

       Defendant.        <u>ORDER</u>

_____/

        Plaintiff is a California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983.  The only defendant is Leon Robinson.  Several matters are before the court.

1.  <u>Plaintiff's May 11, 2006 "Response to Defendant's Objection . . ."</u>

        On May 11, 2006, plaintiff filed a document titled "Response To Defendant's Objection To Plaintiff's Notice Of Taking Depositions Upon Written Questions."  Apparently, plaintiff served a notice of deposition upon written questions upon Maxine Cova and Sergeant Richard Klinefelter.  Defendant indicated to plaintiff that he objected to the notice because plaintiff failed to name an officer before whom the deposition would be taken as required by Federal Rule of Civil Procedure 31(a)(3)(2).  Plaintiff asserts defendant's objection is invalid because he named the "litigation coordinator" at Mule Creek State Prison as the Rule 31

1   deposition officer.  However, there is no authority for the proposition that a "litigation

2   coordinator" is authorized to carry out the duties required of a deposition officer, see Fed. R. Civ.

3   P. 30(c), 30(e), 30(f) and 31(b); nor is there anything in the record to indicate the litigation

4   coordinator identified by plaintiff is willing to serve as such an officer.  In any case, it is not clear

5   what exactly plaintiff seeks to gain through his "Response To Defendant's Objection."  Plaintiff

6   did not file a motion asking that Maxine Cova and Sergeant Richard Klinefelter be compelled to

7   submit to depositions by written questions under Rule 37(a)(2)(B).  In light of the foregoing, the

8   court will order that plaintiff's May 11, 2006 "Response To Defendant's Objection. . ." be placed

9   in the court's file and disregarded.

10  2.  Plaintiff's May 11, 2006 "Motion And Request To Determine The Sufficiency Of Answers
        And Objections To Plaintiff's Request For Prior Statements"

11

12          While it is not entirely clear, it appears plaintiff asks in this motion that defendant

13  provide plaintiff with a copy of the transcript of plaintiff's deposition.  A defendant is not

14  normally required to provide a plaintiff with a copy of his deposition transcript and plaintiff

15  presents no factual or legal reason why this court should order defendant to do so in this action.

16  Moreover, it appears defendant himself has not obtained a copy of the transcript.  See Mot., Ex.

17  1. Plaintiff's motion is frivolous and will be denied.

18  3.  Plaintiff's May 11, 2006 "Motion To Determine Sufficiency Of And Answer To Plaintiff's
        Second Set Of Interrogatories"

19

20          In this motion, plaintiff takes issue with the fact that defendant refused to answer

21  plaintiff's second set of interrogatories.  Defendant objected to plaintiff's interrogatories on the

22  ground that plaintiff had already propounded more than twenty-five interrogatories and did not

23  seek leave to propound more as required by Federal Rule of Civil Procedure 33(a).  Defendant is

24  correct that plaintiff never sought leave under Federal Rule of Civil Procedure 33(a).  This

25  motion also is frivolous and will be denied.

26  /////

4. Plaintiff's May 11, 2006 "Motion To Review And Determine The Sufficiency Of Response To Request For Admission"

   In this motion plaintiff asks that the court compel defendant Robinson to provide further answers to plaintiff's second set of requests for admissions.  Defendant has not filed an opposition to plaintiff's motion.

   Good cause appearing, defendant Robinson will be ordered to serve responses to requests for admission 2 through 4 as set forth in plaintiff's second set of requests for admission as those requests are fairly straightforward.  However, request number 1 is confusing and appears to ask defendant to admit several different facts; it also is not clear how the information sought is relevant to plaintiff's case.

5. Plaintiff's May 26, 2006 "Motion To Compel Production Of Documents"

   Here, plaintiff asks that defendant be ordered to provide further responses to plaintiff's request for production of documents.  Plaintiff makes seven specific requests.  Defendant has filed an opposition to plaintiff's motion.  The court notes that the only claim that remains in this action is plaintiff's claim that defendant retaliated against him by not providing plaintiff with a copy of a June 2000 petition for writ of certiorari filed in the United States Supreme Court because plaintiff named defendant in an inmate grievance.  See Order filed May 18, 2005.

   In document request 1, plaintiff seeks maintenance records for a copy machine that apparently was used by defendant between March 1997 and December 2000.  Defendant objects to turning over these documents because, among other things, the documents are not likely to lead to the discovery of admissible evidence.  See Fed. R. Civ. P. 26(b)(1).  In his moving papers and in his reply to defendant's opposition, plaintiff fails to assert the relevance of the documents sought and the relevance of the documents is not readily apparent.  Defendant will not be ordered to respond further to request to produce number 1.

/////

3

1    In request 2, plaintiff seeks:

2    Copies of any and all allegations of misuse of legal photocopy
     procedures against Plaintiff made by Defendant Robinson, or
3    instances which describe Plaintiff's requests for legal copying
     which resulted in the deprivation of photocopy work to other
4    inmates, whether by way of informal counseling, or by way of
     CDC Form 128-A or 128-B, or CDC Form 115, or which resulted
5    in unnecessary expense to the State or institution as described in
     CCR Title 15, §3162(a) and (b).

6

7    Defendant asserts that if plaintiff seeks disciplinary reports issued by defendant

8    Robinson against plaintiff, plaintiff has access to those documents through institutional

9    procedures.  Plaintiff has not indicated that he has attempted in vain to utilize those procedures,

10   and also has failed to establish that any other documents sought through this request might lead

11   to the discovery of admissible evidence.  See Fed. R. Civ. P. 26(b)(1).  Defendant will not be

12   ordered to respond further to this request.

13   While request 3 is difficult to comprehend, plaintiff appears to ask for all

14   documents concerning any grievance ever filed against defendant.  This request is overbroad.  To

15   the extent plaintiff seeks anything else his request is vague.  Defendant asserts that plaintiff has

16   access to all of the grievances plaintiff has filed against defendant.  Here again, plaintiff has not

17   indicated he has attempted in vain to utilize the institutional procedures available for accessing

18   copies of grievances.  In light of the record before the court, defendant will not be ordered to

19   respond further to request 3.

20   In request number 4, plaintiff seeks:

21   Any and all responses, notes, communiques, either formal or
     informal, drafted and/or authored by Defendant Robinson responding
22   to, or in regards to, inquiries made by the Mule Creek State Prison
     Warden, et al.; associate Wardens; assigned investigative staff
23   member directed to make inquiries into, or monitor, or to make an
     analysis of inmate law library access complaints submitted to the
24   warden, et al., due to general population (inmate) complaints
     alleging "censorship," denial of legitimate prepared legal court
25   documents addressed to a State or Federal court, alleged during the
     time periods of March 1997 through April 2002.

26

4

1         Defendant objects to plaintiff's request on the grounds that producing such

2   documents would be burdensome and that the documents sought will not lead to the discovery of

3   admissible evidence.

4         Again, plaintiff's request is not entirely clear.  Furthermore, plaintiff has not

5   adequately shown that the documents requested will lead to the discovery of admissible evidence

6   and such is not readily apparent.  Defendant will not be ordered to respond further to request

7   number 4.

8         In request 5, plaintiff asks defendant for copies of any California Department of

9   Corrections and Rehabilitation (CDCR) rules and the like that defendant used as a basis to

10  deviate from several other CDCR rules and California statutes.  This request is vague; defendant

11  Robinson will not be ordered to respond further.

12        With respect to request number 6, asking for CDCR departmental memos and

13  bulletins that defendant plans to use in his defense, defendant asserts that he has not located any

14  responsive documents, but acknowledges his ongoing obligation to supplement his response if he

15  does locate such documents.  Defendant will not be ordered to respond further to request number

16  6.

17        In request 7 plaintiff seeks:

18      Copies of and all notes, directives, suggestions, which deal with, or
    are in regards to, Plaintiff's prior requests which defendant
19      Robinson ignored and failed to provide, either by a separate listing
    or requested "Privilege Log", or by way of advice by counsel, or
20      institutional personnel, litigation, coordinator (prison assigned
    personnel to handle such affairs and requests in aid of prison staff),
21      which Defendant Robinson shall rely upon, or use in defense as
    precluding him from adhering the discovery directive issued
22      October 25, 2002; June 13, 2003; reissued February 1, 2006.

23  Defendant asserts that he cannot tell what plaintiff seeks through this request.  The court finds

24  that request number 7 is vague and ambiguous; plaintiff has not sufficiently clarified request

25  number 7 in his motion to compel or in his reply to plaintiff's opposition.  Defendant will not be

26  ordered to respond further to request 7.

1    Plaintiff asks that defendant be sanctioned for his responses to plaintiff's request

2 to produce.  There is no cause for sanctions.  Therefore, plaintiff's request will be denied.

3 6.  Plaintiff's June 5, 2006 "Motion And Request For Sanctions . . ."

4    Plaintiff asks that the court sanction defendant's counsel for interfering with

5 plaintiff's right to depose certain individuals upon written questions as allowed by Federal Rule

6 of Civil Procedure 31.  Plaintiff presents nothing indicating that defendant or his counsel

7 interfered with plaintiff's discovery rights.  Rather, plaintiff again misinterprets Rule 31 as

8 requiring that a prison "litigation coordinator" act as a deposition "officer" upon plaintiff's

9 request.  Plaintiff's June 5, 2006 motion will be denied.

10 7.  Plaintiff's August 3, 2006 "Motion And Request For Assistance . . ."

11    This is yet another frivolous motion concerning plaintiff's attempt to depose

12 certain individuals upon written questions under Federal Rule of Civil Procedure 31.  Again,

13 plaintiff has provided no legal basis for the court to take any action.  His motion will be denied.

14 8.  Plaintiff's August 14, 2006 "Motion For Leave To File Motion For . . . Reconsideration"

15    Plaintiff asks that the court reconsider findings and recommendations issued June

16 11, 2003.  The findings and recommendations were adopted by the district judge assigned to this

17 case on September 10, 2003.  Generally speaking, this court does not have the authority to

18 reconsider orders of a district judge.  In any case, plaintiff's request for reconsideration of this

19 court's June 11, 2003 findings and recommendations or the district court's September 10, 2003

20 order adopting those findings and recommendations is untimely.  See Local Rule 72-303.

21 Plaintiff's motion will be

22 denied.

23 9.  Warning

24    The court has reviewed the entire file in this matter.  As illustrated herein, plaintiff

25 has filed many motions that have no merit.  While plaintiff is a pro se litigant and will be

26 afforded some leeway, he must still adhere to Rule 11 of the Federal Rules of Civil Procedure.

1  Plaintiff is warned that if he continues to file frivolous motions, plaintiff will be sanctioned,

2  possibly with dismissal of this action.

3          In accordance with the above, IT IS HEREBY ORDERED that:

4          1.  Plaintiff's May 11, 2006 "Response To Defendant's Objection. . ." shall be

5  placed in the court's file and disregarded.

6          2.  Plaintiff's May 11, 2006, "Motion And Request to Determine The Sufficiency

7  Of Answers And Objections To Plaintiff's Request For Prior Statements" is denied.

8          3.  Plaintiff's May 11, 2006 "Motion To Determine Sufficiency Of And Answer

9  To Plaintiff's Second Set Of Interrogatories" is denied.

10         4.  Plaintiff's May 11, 2006 "Motion To Review And Determine The Sufficiency

11  Of Response To Request For Admission" is granted in part and denied in part as follows:

12                 A.  Within ten days of this order, defendant Robinson shall serve plaintiff

13                 with answers to plaintiff's  requests for admission, numbers 2 through 4,

14                 as set forth in plaintiff's second set of requests for admission.

15                 B.  Plaintiff's motion is denied in all other respects.

16         5.  Plaintiff's May 26, 2006 "Motion To Compel Production Of Documents is

17  denied."

18         6.  Plaintiff's June 5, 2006 "Motion And Request For Sanctions" is denied.

19         7.  Plaintiff's August 3, 2006 "Motion And Request For Assistance . . ." is denied.

20         8.  Plaintiff's August 14, 2006 "Motion For Leave To File Motion For . . .

21  Reconsideration" is denied.

22  DATED:  March 29, 2007.

23

24                                                    _____

25                                                    U.S. MAGISTRATE JUDGE

26  vinc1719.abs